**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Walker,<br><br>Plaintiff,<br><br>vs.<br><br>Hertz Equipment Rental Corporation, a New Jersey corporation; and JLG Industries, Inc., a Pennsylvania corporation,<br><br>Defendants. | No. CV-11-1459-PHX-DGC<br><br>**ORDER** |

On July 2, 2010, Plaintiff suffered severe injuries when a 32-foot "scissor lift" he was operating collapsed and fell. He filed a strict product liability and negligence action in state court on June 20, 2011. Doc. 1-1 at 5-14. Defendant JLG Industries, Inc. subsequently removed the action to this Court based on diversity jurisdiction. Doc. 1.

Plaintiff has filed a motion to remand (Doc. 10) on the ground that Defendant Hertz Equipment Rental Corporation has not consented to removal and the "rule of unanimity" therefore requires that the case be remanded. *See Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900); *Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006). Hertz has joined the motion (Doc. 14), and JLG does not oppose remand (Doc. 15). The motion to remand therefore will be granted.

Plaintiff, pursuant to 28 U.S.C. § 1447(c), requests an award of costs and actual expenses, including attorneys' fees, incurred as a result of the improper removal. Doc. 10 at 5. The request will be granted.

An award of fees and costs under § 1447(c) "is left to the district court's discretion, with no heavy congressional thumb on either side of the scales[.]" *Martin v. Franklin*, 546 U.S. 132, 139 (2005). In enacting § 1447(c), however, "Congress thought fee shifting appropriate in some cases." *Id.* at 140. "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Id.*

The sole excuse for having improperly removed the action is that JLG was "inadvertent" in its failure to confirm the consent to removal of its codefendant. Doc. 15 at 2. The "unanimity requirement ha[s] been longstanding, dating back to the Supreme Court's decision in *Chicago, Rock Island*[.]" *Westwood v. Contreras*, 644 F.3d 799, 804 (9th Cir. 2011). JLG's inadvertence has delayed resolution of the case and caused Plaintiff to incur attorneys' fees in connection with the motion to remand. An award of fees and costs in this case is just. *See Spectrum Health v. Good Samaritan Ass'n, Inc.*, No. 1:04-CV-508, 2005 WL 2417668, at *1 (W.D. Mich. Sept. 30, 2005) (awarding fees where there was no unanimous consent among the defendants when the action was removed).

The parties are directed to confer in good faith to resolve any disputes concerning the amount of reasonable attorneys' fees and costs Plaintiff incurred as a result of the improper removal. *See* LRCiv 54.2(d)(1). If the parties are unable to agree, Plaintiff may file a motion pursuant to Local Rule 54.2. *See Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (1992) (district courts retain jurisdiction after remand to award fees under § 1447(c)). Any such motion shall be filed, with a supporting memorandum, on or before **September 16, 2011**, with the response and reply briefs due in accordance with the time periods provided in Local Rule 54.2(b)(3) and (4).

**IT IS ORDERED:**

1. Plaintiff's motion to remand and request for an award of attorneys' fees and costs (Doc. 10) are **granted**.

2. The parties are directed to confer in good faith to resolve any disputes concerning the amount of fees and costs. Any motion for fees and costs shall be filed, with a supporting memoranda, on or before **September 16, 2011**, with the response and reply briefs due in accordance with the time periods provided in Local Rule 54.2(b)(3) and (4).

3. The Clerk is directed to **remand** this case to state court.

Dated this 25th day of August, 2011.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge